JUDGE VALDERRAMA
MAGISTRATE JUDGE HARJANI
Case: 1:22-cr-00332 Document #: 1 Filed: 06/28/22 Page 1 of 8 PageID #:1
FILED
6/28/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
EY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **1:22-CR-332** |
| ) | |
| v. ) | |
| ) | Violation: Title 18, United States |
| ) | Code, Section 1343 |
| DAVID QUINNERT ) | |
| ) | **INFORMATION** |

### COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

   a. Defendant DAVID QUINNERT was an advertising consultant who resided in Carmel, California. QUINNERT was in a relationship with Individual A.

   b. Victim A was a childhood friend of QUINNERT who resided in Oak Park, Illinois.

   c. Victim B was a childhood friend of QUINNERT who resided in Romeoville, Illinois.

   d. Attorney A was a retired tax attorney who previously had been a partner at a large multinational law firm.

   e. Financial Institution A was a financial services company that offered an array of financial products, including management of investment accounts for individual investors.

2.      Beginning at least as early as in or around 2016, and continuing to approximately in and around December 2019, at Oak Park and Romeoville, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID QUINNERT,

defendant herein, knowingly and with intent to defraud, devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.      It was part of the scheme that QUINNERT induced Victim A and Victim B to provide funds to him by telling Victim A and Victim B that he would repay the funds using assets that he owned and held in investment accounts at Financial Institution A that were temporarily encumbered by a tax lien imposed by the Internal Revenue Service ("IRS"), when in fact, QUINNERT knew that he did not have sufficient assets in his investment accounts at Financial Institution A to repay Victim A and Victim B and that there was no tax lien on those accounts.

4.      It was further part of the scheme that, in order to induce Victim A and Victim B to provide the requested funds, QUINNERT falsely stated to Victim A and Victim B that the value of the assets held in his investment accounts at Financial Institution A exceeded $4 million, when in fact, QUINNERT knew that the value of the assets held in his investment accounts at Financial Institution A did not exceed approximately $50,000.

5.      It was further part of the scheme that QUINNERT falsely told Victim A

and Victim B that he had retained Attorney A and had filed a lawsuit against the IRS in order to secure the release of the assets held in QUINNERT's investment accounts at Financial Institution A, when in fact QUINNERT knew that he had not retained Attorney A and had not filed a lawsuit against the IRS to secure release of funds at Financial Institution A.

6. It was further part of the scheme that QUINNERT told Victim A and Victim B that Attorney A had negotiated a settlement with the IRS that would result in the IRS removing the lien purportedly encumbering QUINNERT's investment accounts at Financial Institution A, when he knew that was false.

7. It was further part of the scheme that QUINNERT directed Victim A and Victim B to transfer the requested funds to bank accounts in the name of, and controlled by, QUINNERT and Individual A.

8. It was further part of the scheme that QUINNERT spent the funds received from Victim A and Victim B for his own personal use and benefit, including to pay for QUINNERT's rent and other daily living expenses in Carmel, California.

9. It was further part of the scheme that in order to continue and conceal the scheme, QUINNERT knowingly made false lulling statements to Victim A and Victim B about QUINNERT's continued efforts to secure the release of the assets held in QUINNERT's investment accounts at Financial Institution A, as well as falsely promising that QUINNERT would repay Victim A and Victim B in an amount that exceeded the amount of funds provided to QUINNERT by Victim A and Victim B.

10. It was further part of the scheme that QUINNERT did misrepresent,

conceal, and hide, and cause to be concealed, misrepresented and hidden, the existence of the scheme, the acts done in furtherance of the scheme, and the purposes of the scheme.

11. As a result of the scheme, QUINNERT fraudulently obtained approximately $230,600 from Victim A and Victim B.

12. On or about June 28, 2017, at Oak Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID QUINNERT,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated outside of Delaware and processed in Delaware, which facilitated the transfer of $4,000 from Victim A's account at J.P. Morgan Chase to Individual A's account at J.P. Morgan Chase;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

1. Paragraphs 1 through 11 of Count One of this information are incorporated here.

2. On or about March 29, 2018, at Oak Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID QUINNERT,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated outside of Delaware and processed in Delaware, which facilitated the transfer of $4,000 from Victim A's account at J.P. Morgan Chase to QUINNERT's account at J.P. Morgan Chase;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The UNITED STATES ATTORNEY further charges:

1. Paragraphs 1 through 11 of Count One of this information are incorporated here.

2. On or about July 31, 2018, at Oak Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DAVID QUINNERT,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated outside of Delaware and processed in Delaware, which facilitated the transfer of $4,000 from Victim A's account at J.P. Morgan Chase to QUINNERT's account at J.P. Morgan Chase;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The UNITED STATES ATTORNEY further charges:

1    Paragraphs 1 through 11 of Count One of this information are incorporated here.

2.    On or about April 1, 2019, at Romeoville, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID QUINNERT,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated outside of Delaware and processed in Delaware, which facilitated the transfer of $10,000 from Victim B's account at J.P. Morgan Chase to QUINNERT's account at J.P. Morgan Chase;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The UNITED STATES ATTORNEY further charges:

1. Paragraphs 1 through 11 of Count One of this information are incorporated here.

2. On or about November 7, 2019, at Romeoville, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID QUINNERT,

defendant herein, for the purpose of executing the scheme to defraud, did knowingly cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, and signals, namely, a wire transmission initiated outside of Delaware and processed in Delaware, which facilitated the transfer of $3,000 from Victim B's account at J.P. Morgan Chase to QUINNERT's account at Citibank;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Jason Yonan on behalf of the
UNITED STATES ATTORNEY